.Arthur G-. Klein, J.
The petitioners as trustees of Fund A under a trust created on December 26, 1933, by the now deceased Henriette P. Anderson (formerly known as Henriette 0. Pirrung), seek a judicial settlement of their intermediate account and ask for a construction of the provisions of the trust indenture. The construction problem arises from ■ the language of the last amendment which the creator made to her trust on November 24, 1953. The amendment changed Article First (e) of the original indenture and by its terms the trust was terminated upon her death and if she left no descendants, and she left none, the corpus on her death was directed to be conveyed one-half to Gilbert R. Pirrung * * * and the remaining one-half to the descendants of Jane Pirrung Flynn per stirpes * * * provided that during the period in which any such descendant of Jane Pirrung Flynn * * * is under the age of twenty-one (21) years, the trustees shall continue to hold his or her share * * * for his or her support and education * * * and provided further that the portion to which either Gilbert R. Pirrung or the descendants of Jane Pirrung Flynn are entitled shall be added to the principal of *101 any other trust estate, the principal provisions of which trust are similar to this trust and the three other trusts concurrently created then being held by the trustees for his, her or their benefit instead of being paid outright.”
This last amendment of the trust indenture contains a limitation on what appears at first to give one half of the Henriette P. Anderson trust outright at her death per stirpes to the descendants of Jane P. Flynn, the sister of Henriette P. Anderson, subject only to a minority clause. The language of the limitation states that if at Henriette P. Anderson’s death there is any other trust for the benefit of the Flynn descendants, the prinicpal provisions of which are similar to the Anderson trust, the share of the Flynn descendants shall be added to such trust ‘ instead of being paid outright ’ ’.
In the light of the quoted language it is clear that the proportionate shares of the two adult children of Jane P. Flynn in one half of the corpus of the Anderson trust should be added to the Flynn trust as of April 18, 1955, the date of Henriette P. Anderson’s death.
It seems logical that the shares of Jane P. Flynn’s three minor children should also be added to the Jane P. Flynn trust. As in the case of the two adult children, the Flynn trust, since the death of their mother on February 10, 1950, was being administered for the benefit of all the Flynn children as income beneficiaries and presumptive remaindermen. It further appears that the principal provisions of the continuing Flynn trust were practically identical with those of the terminated Anderson trust.
There would be no doubt about this if it were not for the minority clause in the Anderson trust which immediately preceded the limitation upon vesting in the event of the existence of a similar trust. But this preceding minority clause was to become effective only if there were no similar trust and there had been an immediate vesting. In such an event, which did not occur, the minority clause would then have applied to the vested shares of the infants.
It would be inequitable if the shares of all the Flynn children were not added to the Flynn trust. If the shares of the adult Flynn children are added to the Flynn trust and such children die before the Flynn trust terminates, their shares would be divested under the terms of the Flynn trust. On the other hand, if the shares of the infant Flynn children are retained in the Anderson trust their shares would not be divested if they failed to survive the termination of the Flynn trust, but would *102 be vested in and payable to their respective estates pursuant to the terms of the Anderson trust. This contradictory result, as between adult and infant children, was certainly not contemplated by the donor Henriette P. Anderson. It might also be noted here that the Jane P. Flynn trust has a minority clause which would in any event postpone possession of an infant’s vested share during such infant’s minority.
The following construction is accordingly adopted: That upon the death of Henriette P. Anderson one half of her trust passed to her brother Gilbert R. Pirrung and one half became payable to the continuing trust of her sister Jane P. Flynn to be added thereto and administered as a part thereof. The branch of the application to settle and approve the account of the trustees is settled and approved as presented. No objection has been made to the items of the account.
Settle order in accordance with the foregoing and providing for allowances, leaving blank the amount of such allowances. Affidavits of services will be submitted on the settlement of the order.